UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-20911-GAYLES/TORRES

ANNA AJWANI, and
ANDREW AJWANI,

    Plaintiffs,

v.

CARNIVAL CORPORATION
and EXOTIC SHORE
EXCURSIONS LTD., d/b/a
SCENIC WILDLIFE RIVER CRUISE,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Carnival Corporation's Motion to Dismiss Plaintiffs' Complaint (the "Motion"). [ECF No. 7]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is **GRANTED**.

## BACKGROUND[1]

Plaintiffs Anna Ajwani and Andrew Ajwani (collectively "Plaintiffs") booked a cruise aboard the *Pride*, a vessel owned and operated by Defendant Carnival Corporation ("Carnival"). Plaintiffs also purchased, via Carnival's website, the Scenic Wildlife River Cruise in Belize (the "Excursion"). Though Plaintiffs initially believed that Carnival operated the Excursion, Defendant Exotic Shore Excursions Ltd. ("Exotic") actually owned and operated it.[2]

---

[1] As the Court proceeds on a motion to dismiss, it accepts the allegations in Plaintiff's Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

[2] Carnival asks the Court to consider the Plaintiffs' Ticket Contract and Excursion Tickets (collectively the "Tickets") to establish that Plaintiffs always knew that Exotic operated the Excursion and that Carnival was not liable for any harm caused by Exotic during the Excursion. The Court declines to consider the Tickets at this stage of the litigation

The Excursion was on March 9, 2022, during which Plaintiffs toured the Belize river on a vessel named the *Takeout*. At multiple times during the Excursion, the *Takeout's* captain operated the vessel at full speed. Plaintiffs had no seatbelts or handholds and were not given any instructions or warnings. After approximately six large wakes, Plaintiffs were launched into the air and thrown from their seats and onto the floor of the *Takeout*. Both suffered injuries.

On March 8, 2023, Plaintiffs filed this action alleging claims for negligence against Carnival (Count I), negligent selection and retention of tour operator against Carnival (Count II), negligence against Exotic (Count III), apparent agency or agency by estoppel against Carnival (Count IV), and joint venture between Carnival and Exotic (Count V). [ECF No. 1].

In their negligence claim against Carnival, Plaintiffs set forth a list of dangerous conditions that caused them to be thrown to the floor, including (a) inadequate safety equipment; (b) inadequate training of the *Takeout's* crew; (c) failing to properly schedule the Excursion such that the captain drove at an excessive speed to ensure that passengers were returned to the *Pride* on time; (d) the captain operating the *Takeout* at an excessive speed and while under the influence of alcohol or other illicit substances; and (e) operating the *Takeout* not in compliance with industry-wide safety standards. *Id.* ¶ 54. Plaintiffs also allege that Carnival had actual or constructive notice of the dangerous conditions because (i) Carnival had visited and participated in the Excursion as part of its approval process for selecting the Excursion to be offered to its passengers; (ii) the industry has been plagued with many boating injuries; (iii) Carnival received guest feedback and complaints from previous passengers about the Excursion's dangerous conditions; (iv) prior passengers were injured while participating in the Excursion; (v) diligent investigation and past

---

because they are not necessarily central to Plaintiffs' claims. *See e.g. Heller v. Carnival Corp.*, 191 F. Supp. 3d 1352, 1361 n.9 (S.D. Fla. 2016).

similar incidents would have shown that the captain was unfit to operate the vessel; and (vi) the dangerous conditions existed for a sufficient length of time such that Carnival should have known of them by the exercise of ordinary care. *Id.* ¶ 56.

In their negligent selection and retention of tour operator claim, Plaintiffs allege that Carnival had a duty to exercise reasonable care to "hire" a competent tour operator. With respect to notice, Plaintiffs contend that Carnival should have known that Exotic was unfit to be a tour operator because (i) the *Takeout* and other vessels were not equipped with safety equipment and were maintained in a way that it was foreseeable that the passengers would become injured; (ii) other passengers were injured on the Excursion; (iii) Carnival received complaints from prior passengers about the Excursion's incompetent or intoxicated captain and/or who had suffered injuries due to the negligent operation of the Excursion; (iv) the Excursion operator's incompetence and/or unfitness lasted for a sufficient length of time such that Carnival should have known of it. *Id.* ¶ 62.

In their negligence claim against Exotic, Plaintiffs allege Exotic breached its duty of reasonable care to Plaintiffs for several reasons including failing to provide a safe excursion, failing to warn Plaintiffs of the dangers of the excursion, and failing to equip the subject vessel with proper safety equipment. *Id.* ¶ 67. With respect to notice, Plaintiffs only allege that Exotic either "knew of the foregoing conditions causing the subject accident and did not correct them, or the condition existed for a sufficient length of time so that the excursion providers, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them." *Id.* ¶ 68. Finally, in Counts IV and V, Plaintiffs allege that Carnival is responsible for Exotic's negligence via theories of agency and joint venture. *Id.* ¶¶ 75-95.

Carnival now moves to dismiss arguing Plaintiffs fail to adequately allege their claims. [ECF No. 7].[3]

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Therefore, a complaint that merely presents "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.* (internal quotation omitted).

## ANALYSIS

### I. Negligence Claim Against Carnival (Count I)

To bring a maritime negligence claim, "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (citation omitted). "This standard requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of a risk creating condition . . . ." *Holland v. Carnival Corp.*, 50 F. 4th 1088,

---

[3] Based on the Court's review of the record, it does not appear that Plaintiffs have effectuated service on Exotic.

1094 (11th Cir. 2022) (internal quotation omitted). Therefore, "a shipowner's actual or constructive knowledge of the hazardous condition arises as part of the duty element in a claim seeking to hold the shipowner directly liable for its own negligence." *Id.* "Actual notice exists when the defendant knows of the risk creating condition" *Bujarski v. NCL*, 209 F. Supp. 3d 1248, 1250 (S.D. Fla. 2016). "Constructive notice arises when a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it." *Id.* (internal quotation omitted). "Alternatively, a plaintiff can establish constructive notice with evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident." *Newbauer v. Carnival Corp.*, 26 F. 4th 931, 935 (11th Cir. 2022).

      The Court finds that Plaintiffs fails to allege with sufficient particularity that Carnival had actual or constructive notice of the dangerous conditions that caused their injuries. Indeed, all of Plaintiffs' allegations regarding notice are conclusory and lack any detail about how Carnival knew or should have known about the dangerous conditions. For example, Plaintiffs generally allege that Carnival visited the Excursion as part of its annual renewal process but fails to provide any details about the process or how it would put Carnival on notice. Similarly, Plaintiffs reference prior complaints, guest comments, and injuries purportedly involving the Excursion but fails to provide any detail about the facts in those cases or explain how those cases are factually similar to this action. Finally, Plaintiffs allege, in an entirely conclusory fashion, that because the industry has been plagued by boating injuries, Carnival should have known of the dangerous conditions. This simply is not enough to plausibly allege actual or constructive notice. Accordingly, Count I is dismissed without prejudice.

Even if Plaintiffs had adequately pled notice, Count I also fails to separate each cause of action into different counts. Rather, Plaintiffs group distinct causes of action—negligent operation, negligent design, and negligent hiring—in one Count. *See* ECF No. 1 ¶ 54. Courts in this District have recognized that each alleged breach of the duty of care must be pled separately. It is not sufficient to cast a wide net of purported breaches in an attempt to keep one negligence claim afloat. *See Dunn v. NCL (Bahamas) Ltd.*, No. 23-cv-20083, 2023 WL 4186418 at *3 (S.D. Fla. Jun. 26, 2023); *see also Reed v. Royal Caribbean Cruises, Ltd.*, No. 19-24668-CIV, 2021 WL 2592914, at *10 (S.D. Fla. Apr. 23, 2021) (collecting cases). Accordingly, Count I shall be dismissed.

## II.     Negligent Selection and Retention of Tour Operator Against Carnival (Count II)

In Count II, Plaintiffs allege that Carnival was negligent in hiring Exotic and its captains/operators. "[N]egligent selection or hiring and negligent retention are separate and distinct causes of action." *Ferretti v. NCL (Bah.) Ltd.*, No. 17-CIV-20202, 2018 WL 3093547, at *2 (S.D. Fla. June 22, 2018). To state a claim for negligent selection or hiring of an independent contractor, a plaintiff must allege that: "(1) the contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the [contractor's] incompetence or unfitness was a proximate cause of the plaintiff's injury." *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 796 (11th Cir. 2017) (quoting *Davies Com. Metals Co.*, 46 So. 3d 71, 74 (Fla. 5th DCA 2010)). The second element is satisfied where a plaintiff alleges sufficient factual allegations to show that the employer was on notice of the harmful propensities of the contractor hired or retained. *See Witover v. Celebrity Cruises, Inc.*, 161 F. Supp. 3d 1139, 1148 (S.D. Fla. 2016).

6

"The only difference between negligent selection and negligent retention claims is 'the time at which the [principle] is charged with knowledge of the [contractor's] unfitness.'" *Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp. 2d 1308, 1318 n.7 (S.D. Fla. 2011) (alteration in original) (quoting *Garcia v. Duffy*, 492 So. 2d 435, 438 (Fla. 2d DCA 1986)). In negligent selection or hiring cases, the critical issue is whether the principal knew or should have known about the contractor's unfitness before or at the time the contractor was hired. *Garcia*, 492 So. 2d at 438 (stating that "the issue of liability primarily focuses upon the adequacy of the employer's pre-employment investigation into the employee's background."). On the other hand, to state a claim for negligent retention, a plaintiff must allege that "during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge, or reassignment." *Id.* at 438–39. As a result, factual allegations that may be sufficient to bring a claim for negligent retention will not be sufficient to bring a claim for negligent hiring.

Though Plaintiffs label their claim Negligent Selection and Retention, Plaintiffs only allege that Carnival had a "duty to exercise reasonable care to *hire* a competent and careful tour operator/service provider to perform the excursion[.]" [ECF No. 1 ¶ 60] (emphasis added). Accordingly, the Court analyzes Count II as a negligent selection claim. As with Count I, Plaintiffs fail to adequately allege notice. In particular, Plaintiffs fail to explicitly allege that Carnival hired Exotic knowing that it was incompetent or unfit to run the Excursion. *See Guiliani v. NCL (Bahamas) Ltd.*, 2021 WL 2573133, at *5 (S.D. Fla. Jun. 23, 2021). Moreover, Plaintiffs'

allegations are conclusory, speculative, and lack the requisite factual basis to plead notice.[4] Accordingly, Count II shall be dismissed.

### III. Negligence Claim Against Exotic

Although Exotic has yet to enter an appearance in this action, the Court reviews Count III as Plaintiffs' negligence claim against Exotic is relevant to Plaintiffs' agency and joint venture claims against Carnival. Like Counts I and II, Count III fails to adequately allege a factual basis for notice and relies only on conclusory allegations. Accordingly, Count III shall be dismissed.

### IV. Agency/Joint Venture Claims

In Count IV, Plaintiffs allege that Carnival is liable for Exotic's negligence based on theories of apparent agency or agency by estoppel. Similarly, in Count V, Plaintiffs allege that Carnival and Exotic were a joint venture and, therefore, "are jointly and severally responsible for each other's negligence." [ECF No. 1 ¶ 92].

Apparent agency and joint venture are not independent causes of action. Rather, "[t]hese are merely legal theories." *Ash v. Royal Caribbean Cruises Ltd.*, 13-20619-CIV, 2014 WL 6682514, at *7 (S.D. Fla. Nov. 25, 2014) (citing *Barabe v. Apax Partners Europe Managers, Ltd.,* 359 F. App'x 82, 84 (11th Cir.2009)); *Kennedy v. Carnival Corp.*, No. 18-20829, 2018 WL 4410223, at * 3 (S.D. Fla. Jul. 24, 2018) (holding that apparent agency, agency by estoppel, and joint venture are not "independent causes of action") *report and recommendation adopted by Kennedy v. Carnival Corp.*, No. 18-20829, 2018 WL 4409970 (S.D. Fla. Aug. 7, 2018). Courts, however, review these types of claims as alternative theories for negligence liability. *Id.* Here, Plaintiffs' alternative theories fail because, as detailed above, Plaintiffs fail to adequately allege

---

[4] To the extent Plaintiffs tried to raise a claim for negligent retention, they fail to set forth any facts showing that Carnvial became aware of problems with Exotic and failed to take further action.

any of their underlying negligence claims. *See Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1343 (S.D. Fla. 2016) (holding that there can be no apparent agency claim where a plaintiff fails to adequately allege an underlying negligence claim); *Brown v. Carnival Corp., et al.*, 202 F. Supp. 3d 1332, 1340 (S.D. Fla. 2016) ("[B]ecause Plaintiff has failed to state a plausible negligence claim, Plaintiff's claim for apparent agency also fails."); *Kennedy*, 2018 WL 4410223, at *7 (holding that because the plaintiff's underlying negligence claim failed, the "joint venture claim must also fail."). Accordingly, Counts IV and V shall be dismissed without prejudice.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Carnival Corporation's Motion to Dismiss Plaintiffs' Complaint, [ECF No. 7], is **GRANTED.**

2. Plaintiffs' Complaint [ECF No. 1] is **DISMISSED** without prejudice.

3. Plaintiffs may move for leave to amend their Complaint on or before April 1, 2024.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of March, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE